UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DENNIS NATHAN and NAAMAN S. NATHAN,

                Plaintiffs,

-against-

MARK A. COOPER and JEMA G. COOPER,

                Defendants.
-----------------------------------------------------------------X

Case No.: 06 CV 5973 (HB)

**ANSWER**

        Defendants Mark A. Cooper and Jema G. Cooper (collectively, "Defendants"), by and through their attorneys Bauman Katz & Grill LLP, as and for their Answer to the Complaint of Plaintiffs Dennis Nathan and Naaman S. Nathan (collectively, "Plaintiffs") herein, respectfully allege as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "1" of the Complaint.

    2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "2" of the Complaint.

    3.    Admit the allegations asserted in paragraph "3" of the Complaint.

    4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "4" of the Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

    5.    Repeat, reiterate and reallege the answers previously set forth in response to the allegations referred to in paragraphs "1" through "4" of the Complaint as though fully set forth at length herein.

6. Admit the allegations asserted in paragraph "6" of the Complaint to the extent that a contract was entered into between the parties, and respectfully refer the Court to the Contract for its true meaning and effect.

7. Admit the allegations asserted in paragraph "7" of the Complaint.

8. Admit the allegations asserted in paragraph "8" of the Complaint.

9. Admit that paragraph "9" of the Complaint accurately quotes the terms of a portion of the Contract, but deny the remaining allegations asserted, and respectfully refer the Court to the Contract for its true meaning and effect.

10. Admit that paragraph "10" of the Complaint accurately quotes the terms of a portion of the Contract, but deny the remaining allegations asserted, and respectfully refer the Court to the Contract for its true meaning and effect.

11. Admit that paragraph "11" of the Complaint accurately quotes the terms of a portion of the Contract, but deny the remaining allegations asserted, and respectfully refer the Court to the Contract for its true meaning and effect.

12. Admit the allegations asserted in paragraph "12" of the Complaint.

13. Deny the allegations asserted in paragraph "13" of the Complaint, and respectfully refer the Court to the relevant letter for its true meaning and effect.

14. Admit the allegations asserted in paragraph "14" of the Complaint.

15. Deny the allegations asserted in paragraph "15" of the Complaint.

16. Deny the allegations asserted in paragraph "16" of the Complaint.

17. Deny the allegations asserted in paragraph "17" of the Complaint.

18. Deny the allegations asserted in paragraph "18" of the Complaint, and respectfully refer the Court to the Contract for its true meaning and effect.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. Plaintiffs have failed to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Plaintiffs' claims are barred by the doctrines of waiver, laches and estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. Plaintiffs' claims are barred by their own culpable conduct and breaches of the agreement.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. Plaintiffs may not maintain their alleged claims under applicable principles of assumption of the risk.

### AS AND FOR A FIRST COUNTERCLAIM

23. On or about May 8, 2006, Defendants entered into a contract with Plaintiffs (the "Contract") for the sale of a cooperative apartment known and described as 185 West End Avenue, Apartment 27FG, New York, New York 10023 (the "Apartment").

24. Pursuant to the Contract, Plaintiffs tendered a deposit in the amount of $190,000.00 (the "Deposit"), which was placed in an escrow account held by the designated escrow agent, pending the final sale of the Apartment.

25. Despite their obligation to do so under the Contract, Plaintiffs intentionally and wrongfully neglected to provide support for several significant entries in the financial statements they submitted for approval by the cooperative board.

26. Additionally, Plaintiffs belatedly and in bad faith submitted an incomplete board package in dereliction of their obligations under the Contract.

27. Plaintiffs were given numerous opportunities to cure their defaults, but continuously failed to do so, causing Defendants to suffer damages.

28. The Contract provided that should Plaintiffs default in any of their obligations under the Contract, including the failure to comply with the relevant financing provisions, Defendants were entitled to retain the full amount of the Deposit as liquidated damages.

29. As a result of Plaintiffs' defaults, Defendants were contractually entitled to retain the entire $190,000.00 Deposit.

30. By reason of the foregoing, Plaintiffs are obligated to pay to Defendants the principle sum of $190,000.00, together with appropriate interest thereon.

**WHEREFORE,** Defendants Mark A. Cooper and Jema G. Cooper respectfully demand judgment, as follows:

(a) Dismissing the Complaint in its entirety;

(b) On its first counterclaim, damages in the amount of $190,000.00, together with appropriate interest thereon;

(c) For the costs, disbursements and attorneys' fees incurred herein; and

    (d)  For such other and further relief as this Court deems just and proper.

Dated: New York, New York
    October 9, 2006

                    BAUMAN KATZ & GRILL LLP

                     _____
                     Daniel E. Katz (7222)
                     *Attorneys for Defendants*
                     28 West 44th Street, Suite 900
                     New York, New York 10036
                     (212) 684-0300

TO: Jay B. Itkowitz, Esq.
   Laura Mann, Esq.
   ITKOWITZ & HARWOOD
   *Attorneys for Plaintiffs*
   305 Broadway, 7th Floor
   New York, New York 10007

5

# AFFIRMATION OF SERVICE BY FACSIMILE AND FIRST CLASS MAIL

Yasmin R. Saeed, an attorney admitted to practice before in the State of New York affirms under penalty of perjury as follows:

1. I am not a party to this action. I am over 18 years of age and reside in New York, New York.

2. That on October 11, 2006, I served a copy of the within Answer upon the parties set forth at the addresses shown below, said addresses being designated by said parties for that purpose, by confirmed facsimile transmission, and by depositing a true copy via first class mail thereof enclosed, in a sealed wrapper in an official depository under the exclusive care and custody of the United States Post Office addressed to the following persons at their last known address:

Jay B. Itkowitz, Esq.
ITKOWITZ & HARWOOD
*Attorneys for Plaintiffs*
305 Broadway, 7th Floor
New York, New York 10007
(212) 822-1402 (fax)

Laura Mann, Esq.
ITKOWITZ & HARWOOD
*Attorneys for Plaintiffs*
305 Broadway, 7th Floor
New York, New York 10007
(212) 822-1413 (fax)

Dated: New York, New York
       October 11, 2006

_____
Yasmin R. Saeed